IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONALD STANLEY VERNE,
    Petitioner,

vs.                              Case No. 3:12cv125/RV/CJK

KENNETH S. TUCKER,
    Respondent.
_____

**REPORT AND RECOMMENDATION**

    This habeas case is before the Court upon petitioner's "Motion to Voluntarily Dismiss Without Prejudice Or Hold In Abeyance." (Doc. 11). Petitioner asserts that he recently became aware of "extremely exculpatory" evidence which he intends to present to the state court and, after that, to this Court. The Court has reviewed the file, petitioner's arguments and relevant legal authorities, and concludes that a stay is inappropriate and this case should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

    Petitioner initiated this proceeding under 28 U.S.C. § 2254 on March 15, 2012, by filing a petition for writ of habeas corpus. (Doc. 1). Petitioner is challenging his second degree murder conviction entered by the Circuit Court for Escambia County, Florida on March 23, 2011. (*Id.*, p. 1). Petitioner's conviction was affirmed on direct appeal on January 27, 2012. (*Id.*, p. 2); *see also Verne v. State*, 78 So.3d 540 (Fla. 1st DCA 2012) (Table). The petition raises three grounds for relief: (1) petitioner was

denied his right to a fair trial by an impartial magistrate, (2) the trial court committed fundamental error in instructing the jury on justifiable use of deadly force that erroneously imposed a duty to retreat, and (3) the trial court committed fundamental error in failing to instruct the jury on Florida's "Stand Your Ground" immunity. (*Id*., pp. 4-5). Petitioner states that all of these claims were presented to the state court in his direct appeal. (*Id*.). Petitioner has not applied for state postconviction relief. (*Id*., p. 2).

On April 16, 2012, petitioner paid the filing fee (doc. 7), and on May 8, 2012, this Court entered a service order requiring respondent to answer the petition by August 8, 2012. (Doc. 8). Respondent and the Attorney General for the State of Florida have acknowledged service of the petition, but have not appeared. (Docs. 9, 10).

Petitioner now moves to voluntarily dismiss his petition to enable him to return to state court to pursue his postconviction remedies on his claim of newly discovered evidence. (Doc. 11). Petitioner alternatively requests a stay and abeyance of this proceeding so that he may return to state court and, upon exhaustion of those remedies, come back to this Court and amend his petition to include the newly discovered evidence claim.

DISCUSSION

In *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed.2 d 440 (2005), the Supreme Court held that federal district courts have the discretion to stay mixed habeas petitions – petitions containing both exhausted and unexhausted claims – in "limited circumstances" not inconsistent with the "timeliness concerns reflected in [the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) ]." *Rhines*, 544 U.S. at 277. The Court in *Rhines* held that a "stay and abeyance" of a mixed

habeas petition is appropriate only if (1) the petitioner had "good cause" for failing to exhaust the claims in state court, (2) the unexhausted claims are "potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 277-78.

Petitioner has not presented this Court with a "mixed petition," that is, one containing both exhausted and unexhausted claims. Petitioner's habeas petition presents only claims that petitioner contends were exhausted by presentation to the state court in his direct appeal. *Rhines* does not apply to exhausted petitions and affords no basis to stay this case. *See Shackleford v. Brunsman*, No. 3:10cv357, 2011 WL 665600, at *3 (S.D. Ohio, Feb. 11, 2011) (denying a stay; concluding that the stay and abeyance procedure permitted under *Rhines* does not apply to a petition containing only exhausted claims; "Shackleford's Motion For Stay, moreover, seeks to litigate not only an unexhausted claim but one not raised in his petition. In this circumstance, the stay and abey procedure outlined in *Rhines* does not apply."); *Hotz v. Pierce*, No. 3:08cv00850, 2011 WL 2941290 (S.D. Ill. Dec. 13, 2010) (denying a stay; holding that *Rhines* was inapplicable because the petition contained only exhausted claims); *Holt v. Ladler*, No. 1:08cv295, 2010 WL 3341515, at *2-*3 (W.D. Mich. Aug. 23, 2010) (denying a stay where the amended petition contained only exhausted claims; concluding that petitioner's attempt to utilize the stay and abeyance procedure to supplement his pending habeas petition with new unexhausted claims was contrary to the policy underlying the stay and abeyance procedure – "[T]he stay and abeyance procedure was adopted to protect 'the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted.'" (quoting *Duncan v. Walker*, 533 U.S. 167, 184 (2001) (Steven, J.,

concurring)); *McClure v. Ozmint*, No. 2:06-1076-HMH-RSC, 2007 WL 1656227, at *8 (D. S.C. June 5, 2007) (concluding that the *Rhines*' stay and abeyance procedure is inapplicable to petitions presenting only exhausted claims). The Court finds no basis for a stay even judging the circumstances of this case outside the *Rhines* framework.

Dismissal of petitioner's federal habeas petition will not result in any subsequent petition being time-barred under the statutory one-year limitations period. Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward the limitations period. 28 U.S.C. § 2244(d)(2).

Assuming the limitations period is triggered by the finality of petitioner's conviction, § 2244(d)(1)(A), the limitations period began to run on April 26, 2012, which is ninety days after the First DCA issued its January 27, 2012 decision affirming petitioner's conviction.  As of today's date, less than two months of the limitations period has run.  Application of any later trigger would result in even less time having run.  Petitioner's right to obtain federal habeas relief will not be unreasonably impaired by dismissal of the petition.

Accordingly, it is ORDERED:

The Clerk shall mail a copy of this Report and Recommendation to petitioner, respondent and the Attorney General of the State of Florida.

And it is respectfully RECOMMENDED:

1. That petitioner's "Motion to Voluntarily Dismiss Without Prejudice Or Hold In Abeyance" (doc. 11) be GRANTED to the extent petitioner seeks dismissal of his petition.

2. That petitioner's "Motion to Voluntarily Dismiss Without Prejudice Or Hold In Abeyance" (doc. 11) be DENIED to the extent petitioner seeks to stay and abey this proceeding.

3.  That this case be DISMISSED WITHOUT PREJUDICE, and the clerk be directed to close the file.

At Pensacola, Florida this 21st day of June, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).